DECISION AND JOURNAL ENTRY
Plaintiff-appellant Teresa Gregory appeals from a judgment of divorce entered in the Wayne County Court of Common Pleas. This Court affirms in part, reverses in part, and remands the case for further proceedings.
 I.
Appellant Teresa Gregory and defendant-appellee David W. Gregory had been married for twenty-two years when appellant filed for divorce on September 15, 1997. Three children were born as issue of the marriage.
On April 6, 1998, the magistrate issued a proposed decision that granted the parties a divorce, designated appellant as the residential parent and legal custodian of the children, and divided the martial property. The trial court purported to adopt the decision that same day. Appellant filed objections to the magistrate's report and requested findings of fact and conclusions of law. On June 5, 1998, the trial court overruled appellant's objections. The trial court issued findings of fact and conclusions of law on July 13, 1998, and recognized that the magistrate had made a mathematical error in the property division.
Appellant filed the instant appeal. This Court issued an order requiring appellant to show why the appeal should not be dismissed for lack of a final, appealable order. On May 15, 2000, appellant supplemented the record with the trial court's final entry of divorce, dated April 28, 2000, that overruled appellant's objections to the magistrate's decision, accounted for the mathematical error, and adopted the magistrate's findings.
Appellant asserts four assignments of error.
 II. FIRST ASSIGNMENT OF ERROR THE TRIAL COURT'S ORDER OVERRULING THE PLAINTIFF'S OBJECTIONS AND AFFIRMING THE MAGISTRATE'S PROPOSED DECISION REGARDING DIVISION OF MARITAL PROPERTY IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND REMAINS IN DIRECT OPPOSITION TO THE TRIAL COURT'S SUBSEQUENT FINDINGS OF FACTS AND CONCLUSIONS OF LAW.
In her first assignment of error, appellant contends that the magistrate's valuation of appellee's vehicle is against the manifest weight of the evidence, and that the trial court erred in adopting the magistrate's proposed decision.
"The trial court has broad discretion in determining the value of a marital asset." Perrine v. Perrine (Aug. 28, 1996), Summit App. No. 17671, citing James v. James (1995), 101 Ohio App.3d 668,681. A court of appeals is "guided by a presumption that the findings of the trier-of-fact were indeed correct."Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80. Judgments will not be reversed by a reviewing court as being against the manifest weight of the evidence where the judgments are supported by some competent, credible evidence going to all the essential elements of the case. Id. "[I]n obtaining a valuation, the judge or trier of fact must have before it sufficient evidence to justify or support the dollar figure it obtains." Rodriguez v. Rodriguez (Apr. 13, 1990), Geauga App. No. 89-G-1498, unreported.
In the present case, appellant submitted the National Auto Dealers Association's ("NADA") blue book value for her vehicle and appellee's truck. The blue book valued appellee's truck at $20,079. The magistrate valued appellee's truck at $18,500, based on the appellee's testimony that he paid "around [$20,000]" for the truck, and that he believed that the truck was "worth [18,000] or [19,000]" at the time of the hearing. No evidence was presented regarding the value of appellant's vehicle that contradicted the blue book value. However, appellant argues that, because the magistrate used the blue book value for appellant's vehicle but did not use the blue book value for appellee's vehicle, the valuation of appellee's truck is against the manifest weight of the evidence. This Court disagrees.
The magistrate's valuation of appellee's truck is supported by sufficient competent, credible evidence, and therefore, the trial court did not err in adopting the magistrate's recommendation. Accordingly, appellant's argument is rejected.
Appellant also avers that the trial court erred in adopting the magistrate's decision because the magistrate made a mathematical error in calculating appellant's personal property. Appellant argues that the trial court recognized the error in the court's July 13, 1998 findings of fact and conclusions of law, but neglected to correct the June 5, 1998 entry overruling appellant's objections.
The magistrate awarded appellant a total of $5,576 in personal property, which included some items that had been awarded to appellee, including a big screen TV, a lawn tractor, and other tools. In her objections to the magistrate's decision, appellant argued that the items mistakenly added to her property award are worth $3,200, and that the amount of property settlement that she owes appellee should be reduced by that amount. The trial court, in its July 13, 1998 findings of fact and conclusions of law, agreed that the magistrate had erred and that appellant's property settlement obligation to appellee should be reduced, but that the items were only worth $2,700:
 An appraisal was done by Mike Warden* * *. The parties were present when he did the appraisal. It was submitted as [appellant's] Exhibit N. [Appellant] was awarded $5,576.00 in personal property, which she says included a big screen TV, a lawn tractor and other tools valued at $3,200.00. The [appellee] received these items. Thus, [appellant] says the value of her personal property award should be reduced by $3,200.00 to $2,376.00. The court agrees with her as to the $2,700.00 for the tractor and the big screen TV. As to the tools, there was testimony that these were not on the Warden appraisal, (T-108, Line 14). The amount of property settlement [appellant] owes to [appellee] is reduced by $2,700.00 to $29, 603.50.
The trial court's April 28, 2000 final divorce decree reflects this correction.
This Court finds that the trial court erred in valuing these items at $2,700.[1] The trial court cannot value these items at $0.00 because there was no evidence pertaining to the items' value — the court "must have before it sufficient evidence to justify or support the dollar figure it obtains." Rodriguez,supra.
Accordingly, appellant's argument is well taken. The matter is remanded for a valuation of the tools, and an appropriate adjustment to appellant's property award and obligation.
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT ERRED BY ORDERING A DIVISION OF PROPERTY WHICH IS UNREASONABLE, INEQUITABLE AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
In her second assignment of error, appellant asserts that the trial court's orders regarding the marital residence created an unreasonable and inequitable property division that is against the manifest weight of the evidence. This Court agrees.
The trial court possesses broad discretion in effecting a property division, Holcomb v. Holcomb (1989), 44 Ohio St.3d 128,131. Absent an abuse of discretion, the trial court's judgment will not be overturned. Martin v. Martin (1985), 18 Ohio St.3d 292,294-295. An abuse of discretion involves more than a mere error of law or judgment. Id. at 295. A lower court may only be said to have abused its discretion when its judgment reflects an attitude that is unreasonable, arbitrary or unconscionable. Id. Absent such an abuse of discretion, a reviewing court must not substitute its judgment for that of the trial court. Id. Rather, when applying the abuse of discretion standard, a reviewing court must be guided by the presumption that the findings of the lower court are indeed correct. In re Jane Doe 1 (1991), 57 Ohio St.3d 135,138.
In the present case, appellant requested that she be awarded the marital residence so that she could afford to keep the children in their current school district. The trial court approved the magistrate's recommendation that appellant be awarded the home, but also ordered that appellant refinance the property to remove appellee's name from the deed and pay appellee a sum of $32,000 for his share of the property, all within ninety days of the journalization of the court's final entry.
 This Court finds that, given appellant's short work history, meager income, and responsibility to care for the parties' three children, ordering appellant to comply with the court's orders within ninety days is unreasonable. This Court reverses and remands so that the divorce decree reflects a reasonable time in which appellant must comply with the court's order.
THIRD ASSIGNMENT OF ERROR
 THE COURT'S ORDER DENYING PLAINTIFF'S REQUEST FOR AN AWARD OF A SUM OF MONEY TO BE APPLIED TO HER ATTORNEY'S FEES INCURRED IN BRINGING THIS DIVORCE CONSTITUTES AN ABUSE OF DISCRETION IN THIS MATTER.
In her third assignment of error, appellant asserts that the trial court abused its discretion in not awarding her attorney's fees. However, appellant failed to raise this issue in the trial court, and may not now do so on appeal. See Wright v. Mayon (July 2, 1997), Summit App. No. 18050, unreported (holding that failure to object to the magistrate's decision waives the right to appeal the conclusions contained therein); Hopson v. Bur. of Workers'Comp. (1993), 88 Ohio App.3d 196 (stating that "claims not raised in the trial court may not be raised on appeal").
Accordingly, appellant's third assignment of error is overruled.
FOURTH ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN ITS AWARD OF SPOUSAL SUPPORT WITHOUT MAKING SPECIFIC FINDINGS OF FACT REGARDING THE STATUTORY FACTORS AS OUTLINED IN [R.C.] 3105.18.
Appellant charges in her fourth assignment of error that the trial court erred in adopting the magistrate's proposed spousal support award because the court did not make specific detailed findings of the statutory factors under R.C.3105.18, because the spousal support determination was based on the "wrong section of Ohio law," and because the court failed to consider "need" as an essential element of the spousal support award. This Court rejects appellant's contentions as meritless.
An appellate court will not overturn a spousal support award unless the award is unreasonable, arbitrary, or unconscionable.Kahn v. Kahn (1987), 42 Ohio App.3d 61, 66. An appellate court must presume that the findings of the lower court are correct. Inre Jane Doe 1, supra, at 138. The burden is on the party challenging the award to show that the award is unreasonable, arbitrary, or unconscionable in order for this Court to overturn the award. Shuler v. Shuler (Oct. 27, 1999), Lorain App. No. 98CA007093, unreported. In determining an award of spousal support, a court must consider the fourteen factors set forth in R.C. 3105.18(C)(1).[2]
Appellant argues that, because the magistrate's proposed decision states that the magistrate considered R.C. 3109.05, instead of R.C. 3105.18, in determining spousal support, and because the magistrate did not sufficiently detail the basis for its decision, the trial court erred in adopting the magistrate's proposed spousal support award. This argument is meritless. This Court has held that:
 [u]nlike the statute concerning property division, R.C. 3105.18 does not require a lower court to make specific findings of fact regarding spousal support awards. R.C. 3105.18(C)(1) does set forth fourteen factors the court must consider, however, in determining if spousal support is appropriate and reasonable. If the court does not specifically address each factor in it's [sic] order, a reviewing court will presume each factor was considered, absent evidence to the contrary. Cherry v. Cherry (1981), 66 Ohio St.2d 348.
Schrader v. Schrader (Jan. 21, 1998), Medina App. No. 2664-M, unreported, appeal not allowed (1998), 81 Ohio St.3d 1527.
Although appellant has not attempted to present evidence to show that the trial court failed to consider each factor, this Court has reviewed the evidence and concludes that the record demonstrates that the trial court considered each factor. Furthermore, the reference in the magistrate's order to R.C.3109.05 appears to be nothing more than a typographical error; R.C. 3109.05 concerns child support and is unrelated to the magistrate's findings. This Court finds that the spousal support award is reasonable and appropriate under the circumstances.
Appellant also avers that the trial court committed reversible error because it failed to "consider the issue of `need' as an essential element of the spousal support award." This Court has held that need is not a basis for an award of spousal support: "`The only relevant question is what is "appropriate and reasonable" under the circumstances.'" Bowen v.Bowen (1991), 132 Ohio App.3d 616, 626, appeal not allowed (1999),86 Ohio St.3d 1402, quoting Schindler v. Schindler (Jan. 28, 1998), Summit App. No. 18243, unreported. "`[O]nce the fourteen factors [under R.C. 3105.18(C)(1)] have been considered, the amount of spousal support is within the sound discretion of the trial court.'" Id., citing Young v. Young (Dec. 29, 1993), Lorain App. No. 93CA005554, unreported.
Accordingly, this Court cannot conclude that the trial court's award of spousal support is unreasonable, arbitrary, or unconscionable. Appellant's fourth assignment of error is rejected.
 III.
For the foregoing reasons, this Court hereby affirms in part and reverses in part the judgment of the trial court. This case is remanded for a modification of the divorce decree that is consistent with this opinion.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed equally to both parties.
Exceptions.
FOR THE COURT BAIRD, P. J., BATCHELDER, J., CONCUR.
 ___________________________ DONNA J. CARR
[1] Exhibit N. is not part of the record before this Court.
[2]
R.C. 3105.18(C)(1) provides that:
 [i]n determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
(a) The income of the parties * * *;
(b) The relative earning abilities of the parties;
 (c) The ages and the physical, mental, and emotional conditions of the parties;
(d) The retirement benefits of the parties;
(e) The duration of the marriage;
 (f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 (g) The standard of living of the parties established during the marriage;
(h) The relative extent of education of the parties;
 (i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 (j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 (k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 (l) The tax consequences, for each party, of an award of spousal support;
 (m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 (n) Any other factor that the court expressly finds to be relevant and equitable.